■　LOUIS B. SWARTZ, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 32129.) — Claimant appeals from a judgment of the Court of Claims which dismissed his claim for personal injuries sustained in a highway accident. Claimant and four companions had started from Syracuse, N. Y., at about 11:00 or 11:30 P.M., on September 1, 1951, on a trip to Canada. At about 6:00 A.M., on September 2 the party had reached a point on State highway Route 11 in the hamlet of Brasher Falls, St. Lawrence County, when the accident occurred. Claimant had driven the car, owned by one of the occupants, the entire distance of approximately 178 miles and was driving at the time of the accident. For some 600 feet before the point of the accident Route 11, a macadam highway, was straight. The highway then curved to the right rather sharply, and about 240 feet farther on curved sharply to the left. At the point where Route 11 curved to the right a county road leading to Helena, N. Y., could be entered by turning to the left. Straight ahead of one proceeding in the direction in which claimant was traveling was a grassy area containing several large trees. Claimant failed to timely turn to follow the curve to the right, but either started to turn to the left or proceeded straight

ahead until one of his passengers shouted, "Turn right, Louie." He then attempted to turn right but struck a large rock or boulder, painted white, which was on his left side of Route 11 and estimated to be from three and one-half to six feet from the edge of the pavement. The car then proceeded for some distance and struck a tree on the opposite side of Route 11. The boulder, which weighed from three to four hundred pounds, was moved some 200 feet. Before reaching the curve to his right claimant had passed and seen, two signs — one a "Speed Limit 25" sign about 600 feet from the curve, and the other a reverse curve sign, described as a "wiggly" arrow sign, indicating a curve to the right then another to the left, which was about 310 feet from the right turn. In general appellant contends that the State permitted a dangerous condition to exist because: (1) the situation present created a deceptive indication that the highway proceeded straight ahead; (2) there was a lack of adequate warning and route marker signs; and, (3) the boulder was allowed to be near the highway. The Court of Claims has found "that the negligence of claimant was the sole cause of the happening of said accident." We think a factual question was presented and that such a finding may not be said to be against the weight of evidence. (*Hulett* v. *State of New York*, 4 A D 2d 806). Judgment unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.